IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SAMMY LEROY McMURRAY,**
       **Plaintiff,**

vs.                                                                 Civ. No. 07-0688 MV/LCS

**PAUL SNEAD-JUSTICE, et al.,**
       **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* to determine whether dismissal would be appropriate under the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Having considered the record and the applicable law, I recommend the following findings:

### Proposed Findings regarding *Ehrenhaus* Factors

1.    Plaintiff filed his Complaint on July 19, 2007. (Doc. 1.)

2.    The Court entered an order on August 14, 2007 granting Plaintiff's motion to proceed *in forma pauperis* and directing the United States Marshal to serve the summons and complaint personally on Defendant. (Doc. 3.)

3.    The United States Marshal was unable to serve personally any of the Defendants with the information provided by Plaintiff. With regard to Defendants Snead and Zickor, Plaintiff provided the Clerk of Court with incomplete addresses. Plaintiff was notified of such on July 23, 2007, but did not respond. (Doc. 8.) Similarly, the United States Marshal was unable to locate Defendant Henie, and the summons was returned unexecuted as to him on September 7, 2007. (Doc. 4.)

3.    The record reflects that none of the Defendants have answered. Because of this

fact, I entered an Order to Show Cause on November 1, 2007. (Doc. 6.) I ordered Plaintiff to either proceed with litigation or show good cause for failure to prosecute by November 30, 2007 so that he could "avoid dismissal without prejudice . . . ." (*Id.*)

4.      Plaintiff informed the court on November 8, 2007 that Defendant Snead is no longer with the court and may have left the state.[1] (Doc. 7.) Plaintiff has not offered any explanation of his failure to prosecute as to Defendants Henie and Zikor.

4.      Plaintiff's 120 day limit for service expired on November 23, 2007. *See* FED. R. CIV. P. 4(m). Plaintiff has not served Defendants or showed good cause for his failure to serve as ordered.

5.      According to *Ehrenhaus*, the Court should consider and address all of the following factors on the record before choosing the sanction of dismissal: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [] (3) the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance[;] and 5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).[2]

6.      I note initially that while a *pro se* litigant is entitled to liberal construction of her pleadings, she must nonetheless "follow the same rules of procedure that govern other litigants." *See Okla. Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994) (internal quotation marks and citation omitted). When imposing sanctions against a *pro se*

---

[1] In fact, Defendant Snead has passed away.

[2] The dismissal in *Ehrenhaus* was a discovery sanction pursuant to FED. R. CIV. P. 37(b)(2)(C). *Ehrenhaus*, 965 F.2d at 918. In this case, while I recommend dismissal as an appropriate sanction under FED. R. CIV. P. 4(m), it is still proper to make findings using the *Ehrenhaus* factors. *See, e.g.*, *Gripe v. City of Enid,* 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

litigant, the court should carefully consider whether some sanction short of dismissal is appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *See Ehrenhaus*, 965 F.2d at 920 n.3 (citation omitted). The chosen sanction must be both just and related to the particular claim at issue. *Id.* at 920-21 (citation omitted).

7. I find that Plaintiff's inaction has not prejudiced the Defendants, but it has interfered with the judicial process. *See id.* at 921. Plaintiff's failure to comply with court directives impedes the orderly administration of justice. *See id.*

8. As to Plaintiff's culpability, I find Plaintiff has exhibited a manifest disinterest in litigating his case. After filing his complaint, Plaintiff has had the opportunity to serve one or more Defendants or to notify the Court of some inability to serve them, in which case the Court could have provided him with an extension for good cause. He has chosen not to do any of these things. Ignorance should not excuse consistent inaction.

9. I have given Plaintiff notice of the possibility that her case would be dismissed without prejudice if she failed to comply with Court orders. (*See* Doc. 6.) In light of Plaintiff's disregard of court orders, rules of civil procedure, and local rules of this Court, I find that lesser sanctions would not be effective, but do not recommend imposing the much harsher sanction of dismissal with prejudice. *See Meade v. Grubbs*, 841 F.2d 1512, 1520-22 (10th Cir. 1988).

### RECOMMENDED DISPOSITION

I recommend that the District Judge dismiss Plaintiff's complaint without prejudice, leaving her free to find counsel and re-file her complaint if she is unable to reach an agreement with Defendants outside of court.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**